UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AYMAN ABU AITA, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:09-cv-02285-RWR |
| | ) |
| v.- | ) |
| | ) |
| SACHA NOAM BARON COHEN, also known as SACHA BARON COHEN; DAVID MICHAEL LETTERMAN; NBC UNIVERSAL, INC., doing business as UNIVERSAL PICTURES and UNIVERSAL STUDIOS HOME ENTERTAINMENT; CBS BROADCASTING, INC.; WORLDWIDE PANTS, INCORPORATED; GANNETT COMPANY, INC.; LAWRENCE CHARLES WENGROD, also known as LARRY CHARLES, and BLOCKBUSTER, INC. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT NBC UNIVERSAL, INC.'S MOTION TO DISMISS
<u>FIRST AMENDED COMPLAINT</u>**

Defendant NBC Universal, Inc., hereby moves, through undersigned counsel, and pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, for entry of an order dismissing the first amended complaint in the above-captioned action without leave to amend for lack of subject-matter jurisdiction. As set forth in the attached memorandum of points and authorities, plaintiff cannot satisfy the requirements to invoke this Court's diversity jurisdiction..

Dated: March 4, 2010

Respectfully submitted,

s/ Audrey E. Moog
Audrey E. Moog (D.C. Bar No. 468600)
HOGAN & HARTSON LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004-1109
Tel.: (202) 637-8313
Fac.: (202) 637-5910
E-mail:   AMoog@hhlaw.com

Slade R. Metcalf*
Theresa M. House*
HOGAN & HARTSON LLP
875 Third Avenue
New York, New York 10022
Tel.:  (212) 918-3000
Fac.:  (212) 918-3100
E-mail:   SRMetcalf@hhlaw.com
            TMHouse@hhlaw.com

*Attorneys for Defendant NBC Universal, Inc.*

*pro hac vice application forthcoming

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AYMAN ABU AITA, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:09-cv-02285-RWR |
| | ) |
| v.- | ) |
| | ) |
| SACHA NOAM BARON COHEN, also known as SACHA BARON COHEN; DAVID MICHAEL LETTERMAN; NBC UNIVERSAL, INC., doing business as UNIVERSAL PICTURES and UNIVERSAL STUDIOS HOME ENTERTAINMENT; CBS BROADCASTING, INC.; WORLDWIDE PANTS, INCORPORATED; GANNETT COMPANY, INC.; LAWRENCE CHARLES WENGROD, also known as LARRY CHARLES, and BLOCKBUSTER, INC. | ) |
| Defendants. | ) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT NBC UNIVERSAL, INC.'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

### INTRODUCTION

Plaintiff Ayman Abu Aita ("Aita" or "Plaintiff"), who is a Palestinian national and not a U.S. citizen, attempts to invoke this Court's power to hear his suit for libel and related claims on grounds of diversity. This Court, however, lacks subject-matter jurisdiction over Plaintiff's suit for two reasons. First, Plaintiff, as a Palestine national, does not qualify as a "citizen[] or subject[] of a foreign nation" who can invoke alienage jurisdiction because Palestine is not recognized by the United States government. Second, alienage jurisdiction does not exist where an alien plaintiff sues an alien defendant, even where the plaintiff also sues other defendants who are U.S. citizens. Because both Plaintiff and Defendant Sacha Baron Cohen ("Cohen") are non-

U.S. citizens, complete diversity of citizenship is lacking. Thus, this Court lacks subject-matter jurisdiction, and Plaintiff's first amended complaint must be dismissed without leave to amend.

## STATEMENT OF FACTS

Plaintiff filed his initial complaint in this Court on December 2, 2009, and filed his First Amended Complaint (the "Complaint") on February 5, 2010. In the Complaint, Plaintiff asserts three counts for libel and slander and a fourth count for tortious misappropriation of name or likeness. (Compl. ¶¶ XLV-LII.) Each of Plaintiff's claims arise out of a scene in the motion picture "Brüno" in which the star of the film, Defendant Cohen, interviewed Plaintiff.[1] (*See id.*) Plaintiff invokes this Court's jurisdiction over this matter on grounds of diversity of citizenship under 28 U.S.C. § 1332(a)(2), asserting that "there is complete diversity of citizenship between the parties[.]" (*Id.* ¶ X.)

Plaintiff is a Palestinian national residing in the West Bank. (*Id.* ¶ I.) He is not a U.S. citizen. (*See id.*) Defendant Cohen is a subject of the United Kingdom. (*Id.* ¶ II.) He also is not a citizen of the United States. (*Id.*) Defendant NBC Universal, Inc. ("NBC") and the other remaining defendants are citizens of several states including New York, California, and Delaware.[2] As discussed below, Plaintiff's Complaint makes clear that complete diversity of

---

[1] Plaintiff's claims as against CBS, Letterman, and Worldwide Pants arise from Defendant Cohen's discussion of this scene during his appearance on the Late Show. (*See generally* Compl. ¶¶ XVIII-XX.)

[2] NBC, the domestic and worldwide distributor of Brüno, is a Delaware corporation with its principal place of business in New York, NY. (Compl. ¶ IV.) Defendant Larry Charles, the film's director, is a U.S. citizen residing in California. (*Id.* ¶ VIII.) Defendant David Letterman ("Letterman") is a U.S. citizen residing in New York. (*Id.* ¶ III.) He hosts the television program, the "Late Show with David Letterman" (the "Late Show"). (*Id.*) Defendant CBS Broadcasting, Inc., the distributor of the Late Show, is a Delaware corporation with its principal place of business in New York, NY. (*Id.* ¶ V.) Defendant Worldwide Pants, Inc., the producer of the Late Show, is a Delaware corporation with its principal place of business in New York, NY. (*Id.* ¶ VI.) Defendant Gannett Company, Inc., which owns and operates WUSA Television, Channel 9, a local Washington, D.C. television station that broadcasts the Late Show, is a

citizenship is lacking.

## ARGUMENT

Article III of the Constitution extends the judicial power of the United States to "Controversies . . . between citizens of different States . . . and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects." U.S. CONST. Art. III, § 2.  Beyond this constitutional minimum, the federal diversity statute, 28 U.S.C. § 1332(a), limits the jurisdiction of the federal courts to civil actions that (1) involve a "matter in controversy [which] exceeds the sum or value of $75,000, exclusive of interest and costs," and (2) are between any of the following classes of parties:

> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a).

Because federal courts have only limited jurisdiction, "there is a presumption against the existence of diversity jurisdiction." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 (D.C. Cir. 1983), *cert. denied*, 467 U.S. 1210 (1984) (citing 13 Wright, Miller & Cooper, Federal Practice & Procedure §§ 3522, 3611 (1975)).  Accordingly, where an action is predicated on the Court's diversity jurisdiction under Section 1332, it is the invoking party's burden to show by a preponderance of the evidence that jurisdiction is proper.  *See, e.g., Gilmore v. Palestinian Interim Self-Gov't Auth.*, 422 F. Supp. 2d 96, 98-99 (D.D.C. 2006); *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004)*; Idas Resources N.V. v. Empresa Nacional de Diamantes de

---

Delaware corporation with its principal place of business in McLean, Virginia.  (*Id.* ¶ VII.) Defendant Blockbuster, Inc., which offered for rent DVD copies of Brüno, is a Delaware corporation with its principal place of business in Texas.  (*Id.* ¶ IX.)

*Angola E.P.*, No. 06-00570, 2006 WL 3060017, at *3 (D.D.C. Oct. 26, 2006).  To meet this burden, a plaintiff must show *complete* diversity; *i.e.*, that "*each* plaintiff has a different citizenship from *each* defendant."  *Meng*, 305 F. Supp. 2d at 55 (citation omitted) (emphasis added).  Thus, when an action involves even a single non-diverse party, diversity is not complete, and the Court's jurisdiction is lacking.  *Saadeh v. Farouki*, 107 F.3d 52, 55 (D.C. Cir. 1997) ("[f]ederal diversity jurisdiction is lacking if there are any litigants from the same state on opposing sides").

When a defendant challenges subject-matter jurisdiction via a motion to dismiss pursuant to Rule 12(b)(1), "a district court should dismiss an action for lack of subject matter jurisdiction when the facts and allegations before the court belie the plaintiffs' averment that federal jurisdiction exists."  *Meng*, 305 F. Supp. 2d at 55 (citing Fed. R. Civ. P. 12(b)(1)).  In this inquiry, the court may freely consider materials outside of the pleadings.  *Herbert v. Nat'l Acad. of Scis.,* 974 F.2d 192, 197 (D.C. Cir. 1992); *Idas Resources N.V.*, 2006 WL 3060017, at *3.  "If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action."  Fed. R. Civ. P. 12(h)(3) (emphasis added).

I.  **PLAINTIFF MAY NOT INVOKE DIVERSITY JURISDICTION BECAUSE HE IS NOT A CITIZEN OR SUBJECT OF A FOREIGN STATE RECOGNIZED BY THE UNITED STATES GOVERNMENT**

For a non-U.S. citizen to invoke alienage jurisdiction under 28 U.S.C. § 1332(a)(2), a plaintiff must show that his dispute is between "citizens of a State and citizens or subjects of a foreign state."  For a foreign national to be considered a "citizen[] or subject[] of a foreign state" under this section, the country of his nationality must be recognized by the Executive branch of

the U.S. government.[3]/ *Abu-Zeineh v. Fed'l Labs., Inc.*, 975 F. Supp. 774, 776 (W.D. Pa. 1994). "The President's power to recognize foreign sovereignties . . . directly impacts the alienage jurisdiction of the federal courts, which requires that a civil action be between citizens of a State and citizens or subjects of a foreign state." *Owens v. Republic of Sudan*, 531 F.3d 884, 893 (D.C. Cir. 2008) (quotation and citation omitted). In this inquiry, the Court must defer to the Executive branch's determination either to recognize or to withhold recognition of a foreign state. *See Abu-Zeineh*, 975 F. Supp. at 776 n.4, 777 (statement by State Department that Palestine is not recognized as a foreign sovereign by the U.S. government is "dispositive" of subject-matter jurisdiction question). *See People's Mojahedin Org. of Iran v. U.S. Dep't of State*, 182 F.3d 17, 24 (D.C. Cir. 1999) ("Who is the sovereign, *de jure* or *de facto*, of a territory, is not a judicial, but a political question, the determination of which by the legislative and executive departments of any government conclusively binds the judges, as well as all other officers, citizens, and subjects of that government.") (quoting *Jones v. United States*, 137 U.S. 202, 212-13 (1890)).

Here, Plaintiff alleges that he is a Palestinian national. (Compl. ¶ I.) The United States does not formally recognize Palestine as a foreign state. (*See* United States Department of State, Bureau of Intelligence and Research, "Independent States in the World," July 29, 2009, *available*

---

[3]/    This interpretation of Section 1332(a)(2) mirrors the definition of "foreign state" as set forth in Section 1332(a)(4), the provision of the federal diversity statute that allows foreign states to themselves bring suit in federal courts. Section 1332(a)(4) defines "foreign state" by reference to 28 U.S.C. § 1603(a), which is part of the Foreign Sovereign Immunities Act ("FSIA"). 28 U.S.C. § 1332(a)(4); 15 James Wm. Moore et al., Moore's Federal Practice § 102.74 (3d ed. 2009). Under FSIA and Section 1332(a)(4), nations that are not recognized by the Executive or by federal law do not qualify as "foreign states." *Pfizer, Inc. v. India*, 434 U.S. 308, 319-20 (1978) ("It has long been established that only governments recognized by the United States . . . are entitled to access to our courts, and that it is within the exclusive power of the Executive Branch to determine which nations are entitled to sue."); *Klieman v. Palestinian Auth.*, 424 F. Supp. 2d 153, 159 n.6 (D.D.C. 2006); *Ungar v. Palestine Liberation Org.*, 402 F.3d 274, 284 n.6 (1st Cir.), *cert. denied*, 546 U.S. 1034 (2005).

*at* http://www.state.gov/s/inr/rls/4250.htm.)[4]/ Neither does it designate Palestine as part of its official list of "Dependencies and Areas of Special Sovereignty." (*See* United States Department of State, Bureau of Intelligence and Research, "Fact Sheet: Dependencies and Areas of Special Sovereignty," Dec. 18, 2007, *available at* http://www.state.gov/s/inr/rls/10543.htm.) Indeed, the Department of State's Foreign Affairs Manual specifically prohibits listing "Palestine" as a country of birth on U.S. passports, stating that "U.S. policy recognizes that . . . the West Bank and the Gaza Strip are territories whose final status must be determined by negotiations." (*See* U.S. Department of State Foreign Affairs Manual Vol. 7 – Consular Affairs, Appendix D at 11, *available at* www.state.gov/documents/organization/94675.pdf.)[5]/

Although the position of the Executive Branch is dispositive, the rulings of the federal courts are entirely consistent. Federal courts repeatedly have held that Palestine does not qualify as a foreign state. At least two federal courts have found that Palestine does not qualify as a "foreign state" for the purposes of Section 1332(a)(2). *See Abu-Zeineh*, 975 F. Supp. at 777;

---

[4]/ This Court may take judicial notice of public records, such as records of executive agencies. *Kaempe v. Myers*, 367 F.3d 958, 965 (D.C. Cir. 2004). Defendants respectfully request that the Court take judicial notice of statements by the U.S. Department of State contained on the State Department's website, as referenced in this section.

[5]/ Nor does the United States *informally* recognize Palestine as a foreign state. On November 16, 2009, State Department Spokesman Ian Kelly confirmed that Palestine does not exist currently as a sovereign state recognized by the United States – instead stating that the United States would "support *the creation* of a Palestinian state" in the future, through negotiations, and that, until then, it does not support any unilateral declaration of statehood by the Palestinians. (*See* United States Department of State, Daily Press Briefing, Nov. 16, 2009, *available at* http://www.state.gov/r/pa/prs/dpb/2009/nov/131982.htm.) (emphasis added). On January 8, 2010, Assistant Secretary of State Philip J. Crowley reiterated Kelly's statement, confirming that the United States "certainly support[s] the *formation* of a unity government in Palestine," in the future, and that the United States "recognize[s] that any state that *would be* formed for the Palestinians has to be viable and it has to be based on agreed upon borders." (*See* United States Department of State, Daily Press Briefing, Jan. 8, 2010, *available at* http://www.state.gov/r/pa/prs/dpb/2010/01/134798.htm.) (emphasis added). These statements make clear that, although the U.S. may support a free and independent Palestinian state in the future, it does not yet recognize the disputed area as a sovereign entity.

*Klausner v. Levy*, 83 F. Supp. 599, 600 (E.D. Va. 1949) ("[A]s citizens of Palestine under the mandate, they were not citizens or subjects of a state within the meaning of the jurisdictional provisions of our Federal constitution and statutes").[6]/  Courts interpreting FSIA also have uniformly found that Palestine is not a "foreign state" under federal law.  *See, e.g., Biton v. Palestinian Interim Self-Gov't Auth.*, 310 F. Supp. 2d 172, 180-81 (D.D.C.), *appeal dismissed by* No. 04-7054, 2004 WL 1454096 (D.C. Cir. 2004); *Ungar*, 402 F.3d at 291-92.  *See also Gilmore*, 422 F. Supp. 2d at 100-102 (Palestine cannot claim sovereign immunity because it is not a "foreign state" under U.S. law or under the Restatement (Third) of Foreign Relations). *Cf. Klieman*, 424 F. Supp. 2d at 159-60 (noting that all courts that had considered the issue found that the Palestinian Authority was not a "foreign state" for FSIA purposes and ruling the Palestinian Authority was collaterally estopped from re-litigating the issue).[7]/

Because the Executive Branch of the United States Government does not accord Palestine recognition as a foreign sovereign, Plaintiff does not qualify as "citizen[] or subject[] of a foreign state" for the purposes of the federal diversity statute.  Because Plaintiff has alleged no other basis for jurisdiction over his claims, this Court lacks subject-matter jurisdiction over Plaintiff's action and it should dismiss the Complaint without leave to amend.

---

[6]/  The *Klausner* court acknowledged that some territory of the former British mandate of Palestine ultimately was recognized as the state of Israel.  *Klausner*, 83 F. Supp. at 600.  Plaintiff here does not allege Israeli citizenship nor nationality, but rather claims that he is a national of the West Bank of Palestine.  (Compl. ¶ I.)

[7]/  The United States Court of Appeals for the District of Columbia recently acknowledged the disputed character of the lands known as Palestine.  *See Zivotofsky v. Sec'y of State*, 571 F.3d 1227, 1232, 1232 n.2 (D.C. Cir. 2009) (noting that "every president since 1948 has, as a matter of official policy, purposefully avoided taking a position on the issue of whether Israel's sovereignty extends to the city of Jerusalem," which falls at least partially in the "disputed area" of the West Bank of Palestine).

## II. DIVERSITY JURISDICTION ALSO IS LACKING BECAUSE PLAINTIFF AND DEFENDANT COHEN ARE BOTH ALIENS

Even if a Palestinian national could be viewed as a "citizen or subject" of a foreign state for the purposes of the diversity statute, subject-matter jurisdiction is still lacking here because both Plaintiff and Defendant Cohen are aliens. The United States Supreme Court has long recognized that alienage jurisdiction does not exist under 28 U.S.C. § 1332(a)(2) where an alien sues another alien. *See, e.g., Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 569, 572 (2004) (diversity jurisdiction lacking where Mexican partnership sued Mexican corporation); *Kramer v. Caribbean Mills, Inc.*, 394 U.S. 823, 825 n.2 (1969) (district court would lack jurisdiction in suit between alien corporations). Equally clear under the law of this Circuit is the "longstanding rule" that, because a plaintiff must allege *complete* diversity of citizenship, "the diversity statute [does] not confer jurisdiction over a lawsuit involving an alien on one side, and an alien and a citizen on the other side." *See, e.g., Saadeh*, 107 F.3d at 55 (recognizing "the longstanding rule that complete diversity is destroyed in lawsuits between aliens"); *Eze v. Yellow Cab Company of Alexandria, Va. Inc*, 782 F.2d 1064, 1065 (D.C. Cir. 1986) ("A diversity suit . . . may not be maintained in federal court by an alien against a citizen of a state and a citizen of some other foreign country"). *Accord Idas Resources N.V.*, 2006 WL 3060017, at *11-12; *In re Tobacco/Governmental Health Care Costs Litig.*, 100 F. Supp. 2d 31, 39 (D.D.C. 2000). Indeed, the law on this point is so clear that this Court has imposed Rule 11 sanctions in instances where a foreign plaintiff filed an action against a group of defendants that included at least one foreign national. *Rowland v. Fayed*, 115 F.R.D. 605 (D.D.C. 1987) (imposing sanctions on plaintiff's counsel where the face of the complaint showed that aliens were present on both sides of the suit); *Wymer v. Lessin*, 109 F.R.D. 114 (D.D.C. 1985) (imposing sanctions on counsel for defendant for failure to make reasonable inquiry into client's citizenship in suit by foreign

plaintiff). A non-citizen's residence or domicile in the Untied States, even if the party is considered a legal permanent resident under U.S. immigration laws, is irrelevant for the purposes of evaluating alienage jurisdiction, when the party is not a U.S. citizen. *Saadeh*, 107 F.3d at 58, 61. Section 1332 does "not confer diversity jurisdiction over a lawsuit between an alien on one side, and an alien and a citizen on the other side, regardless of the residence status of the aliens." *Id.*

On the face of Plaintiff's Complaint, complete diversity does not exist here. Plaintiff alleges he is a Palestinian national. (Compl. ¶ I.) He is not a U.S. citizen. (*See id.*) But the Complaint also alleges that Defendant Cohen is "a British Subject," not a U.S. Citizen. (*See id.* ¶ II.) Further, under the law of this Circuit, Cohen's alleged domicile in California has no bearing on this Court's diversity jurisdiction; even if Cohen were a legal permanent resident under U.S. immigration laws, diversity jurisdiction does not exist for an action brought by a foreign plaintiff against a legal permanent resident who is not a U.S. citizen. *Saadeh*, 107 F.3d at 58. Because Plaintiff affirmatively alleges that Cohen and Plaintiff are both non-U.S. citizens, complete diversity is destroyed, and this Court has no jurisdiction to hear any of Plaintiff's claims against any of the Defendants. Accordingly, Plaintiff's Complaint should be dismissed in its entirety, without leave to amend.

## **CONCLUSION**

For the reasons set forth above, Defendant NBC Universal, Inc. respectfully requests that this Court grant its motion to dismiss Plaintiff's First Amended Complaint in its entirety, without leave to amend, together with costs, attorneys' fees, and such other relief as this Court deems appropriate.

March 4, 2010                                                          Respectfully submitted,


                                                                       s/ Audrey E. Moog
                                                                       Audrey E. Moog (D.C. Bar No. 468600)
                                                                       HOGAN & HARTSON LLP
                                                                       Columbia Square
                                                                       555 Thirteenth Street, NW
                                                                       Washington, DC 20004-1109
                                                                       Tel.: (202) 637-8313
                                                                       Fac.: (202) 637-5910
                                                                       E-mail:    AMoog@hhlaw.com

                                                                       Slade R. Metcalf*
                                                                       Theresa M. House*
                                                                       HOGAN & HARTSON LLP
                                                                       875 Third Avenue
                                                                       New York, New York 10022
                                                                       Tel.:  (212) 918-3000
                                                                       Fac.:  (212) 918-3100
                                                                       E-mail:    SRMetcalf@hhlaw.com
                                                                                  TMHouse@hhlaw.com

                                                                       *Attorneys for Defendant NBC Universal, Inc.*

*pro hac vice application forthcoming*